**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY (TRENTON VICINAGE)**

| | | |
|---|---|---|
| VIONETTE T. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _______________ |
| | ) | |
| v. | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| BROOKE L. ROLLINS, Secretary, | ) | |
| U.S. Department of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

## NATURE OF THE ACTION

This is a civil action for unlawful employment discrimination, failure to accommodate a disability, retaliation, hostile work environment, and constructive discharge, brought by Plaintiff Vionette T. James, who proceeds pro se, a former GS-11 Pest Survey Specialist with the United States Department of Agriculture, Animal and Plant Health Inspection Service ("APHIS"), against the Secretary of Agriculture, in her official capacity, under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (the "Act"), which applies the substantive standards of Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12112(a) and 12203. Plaintiff's claims proceed on two exhausted administrative tracks that both lead to this Court: (a) a "mixed case" appeal of her involuntary retirement decided by the Merit Systems Protection Board ("MSPB"), reviewable here under 5 U.S.C. § 7703(b)(2), see *Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017), and *Kloeckner v. Solis*, 568 U.S.

41 (2012); and (b) a Final Agency Decision on Plaintiff's formal Equal Employment Opportunity ("EEO") complaint, USDA No. APHIS-2024-00230, reviewable here under 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407. The discrimination claims are subject to de novo review and trial in this Court. Plaintiff seeks declaratory and injunctive relief, reinstatement or front pay, back pay and lost benefits, compensatory damages, and reasonable attorney's fees and costs, as set forth below.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question). Jurisdiction over the individual statutory claims arises under 42 U.S.C. § 2000e-16(c) and § 2000e-5(f) (Title VII); 29 U.S.C. § 633a(c) (ADEA); 29 U.S.C. § 794a (Rehabilitation Act); and 5 U.S.C. § 7703(b)(2) (judicial review of a mixed-case MSPB decision).
2. Because Plaintiff raised claims of discrimination in connection with an action appealable to the MSPB, judicial review of the Board's final decision lies in this district court rather than the United States Court of Appeals for the Federal Circuit, even though the Board disposed of the appeal on jurisdictional grounds. 5 U.S.C. § 7703(b)(2); *Perry v. MSPB*, 582 U.S. 420 (2017).
3. Venue is proper in this district. Venue for Plaintiff's Title VII claims is governed by the special venue provision at 42 U.S.C. § 2000e-5(f)(3) (made applicable to federal employees by 42 U.S.C. § 2000e-16(d)), which likewise governs her Rehabilitation Act claims; venue for her ADEA claims is proper under 28 U.S.C. § 1391(e). Each provision is satisfied here: the unlawful employment practices were committed in this district; the employment records relevant to those practices are maintained and administered in this district; and, but for the unlawful practices alleged, Plaintiff would have continued to

work in this district. Plaintiff's duty station was located at 350 Corporate Boulevard, Robbinsville, New Jersey (Mercer County), and the responsible management officials were stationed in New Jersey.

## PARTIES

4. Plaintiff Vionette T. James is a natural person and a citizen of the United States who currently resides in Orlando, Florida. At all times relevant to this Complaint, Plaintiff was employed by APHIS as a GS-11 Pest Survey Specialist within the Plant Protection and Quarantine program, with a duty station in Robbinsville, New Jersey.
5. At all relevant times Plaintiff was: a woman; an individual over the age of forty (date of birth July 10, 1967); and an individual with a disability within the meaning of the Act, including permanent musculoskeletal impairment, type 2 diabetes mellitus, primary biliary cirrhosis, and acute angle-closure glaucoma, conditions that substantially limit major life activities including her mobility and manual dexterity.
6. Defendant Brooke L. Rollins is the Secretary of the United States Department of Agriculture and is named in her official capacity as the head of the agency that employed Plaintiff. The Department of Agriculture, through APHIS, is an "employer" and an "agency" subject to Title VII, the ADEA, and the Rehabilitation Act.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff has timely exhausted her administrative remedies on both tracks described below and satisfied all conditions precedent to this action.
8. Plaintiff initiated EEO counselor contact on January 31, 2024, received a Notice of Right to File a Formal Complaint on May 8, 2024, and filed a formal EEO complaint on May

21, 2024, which the agency accepted for investigation as USDA No. APHIS-2024-00230 by letter dated June 12, 2024, and which was later amended on September 4, 2024.

9. Plaintiff's formal complaint alleged disparate treatment and harassment based on sex, age, disability, and reprisal for prior EEO activity, arising from, among other things, the denial of reasonable accommodation, a charge of absence without leave, disputed performance actions, the initiation of a reassignment to a lower grade, and a course of harassment.

10. After the assigned EEOC Administrative Judge dismissed Plaintiff's hearing request, the agency issued a Final Agency Decision finding no discrimination. The Final Agency Decision was signed on July 14, 2026, and was received by Plaintiff by electronic mail on July 15, 2026. This action is filed within ninety (90) days of that receipt, as permitted by 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407(a).

11. Separately, Plaintiff appealed her involuntary retirement to the MSPB as a coerced removal, Docket No. PH-0752-25-0226-I-1. The appeal alleged that Plaintiff's retirement was rendered involuntary by a hostile work environment, the denial of reasonable accommodation, and a threat of removal from federal service, and it therefore constituted a "mixed case" under 5 U.S.C. § 7702.

12. The MSPB issued a Final Order on July 13, 2026, denying Plaintiff's petition for review and affirming the administrative judge's dismissal of the appeal, and the Board served that decision on Plaintiff by electronic mail the same day, July 13, 2026. This action is filed within thirty (30) days of Plaintiff's receipt of the Board's final decision, as required by 5 U.S.C. § 7703(b)(2).

13. By timely filing this single civil action within thirty (30) days of the MSPB final decision and within ninety (90) days of the Final Agency Decision, Plaintiff has preserved and consolidated all of her claims for de novo adjudication in this Court.

## **FACTUAL ALLEGATIONS**

### ***A. Plaintiff's Employment, Protected Status, and Prior Protected Activity***

14. Plaintiff served the federal government for many years, most recently as a GS-11 Pest Survey Specialist with APHIS in New Jersey. She possessed the requisite skills, experience, and qualifications for her position and performed its duties, with reasonable accommodation, for years before the events at issue.

15. The essential functions of Plaintiff's position could be performed by Plaintiff with reasonable accommodation. Before the events at issue, the agency had granted Plaintiff accommodations including assistance with lifting, periodic situational telework, and a maxi-flex work schedule.

16. Plaintiff engaged in protected EEO activity, including filing multiple EEO complaints between 2017 and 2024. The responsible management officials were aware of Plaintiff's prior protected activity.

### ***B. Escalating Adverse Treatment and Harassment***

17. Beginning on or about February 21, 2021, and continuing through her retirement on May 31, 2024, management delayed providing Plaintiff with necessary equipment and supplies and assigned her defective equipment and inoperable vehicles, interfering with her ability to perform her duties.

18. Beginning on or about May 13, 2023, and continuing through her retirement on May 31, 2024, management engaged in aggressive and demeaning conduct toward Plaintiff during

monthly staff meetings and meetings attended by state cooperators and agency partners, including belittling, interrupting, and talking over her, and this conduct increased after her protected activity.

19. Beginning in or about October 2023, management assigned Plaintiff additional duties beyond those of her position, including duties associated with Plant Health Safeguarding Specialist, Spotted Lanternfly Bio-technician, Plant Protection and Quarantine Officer and Smuggling Interdiction and Trade Compliance Officer functions, which increased her field-work demands without regard to her documented physical restrictions.

20. On or about December 12, 2023, a responsible management official inserted false statements into Plaintiff's FY2023 performance rating, including that she failed to meet a critical performance element, and on or about January 19, 2024, management modified Plaintiff's FY2024 performance plan by adding new standards to a critical element. These actions adversely affected Plaintiff's eligibility for a within-grade step increase and performance award.

21. On or about December 19, 2023, management falsely asserted that Plaintiff had been absent during pay period 26 of 2023.

22. On or about January 23-24, 2024, management charged Plaintiff as Absent Without Leave ("AWOL") even though she was working in accordance with her agency-approved maxi-flex schedule as part of her reasonable accommodation. On January 24, 2024, a supervisor sent Plaintiff an electronic mail message stating that the matter "may lead to disciplinary and/or adverse action taken against you up to and including removal from the Federal Service."

23. Between on or about February 21, 2024, and March 27, 2024, management required Plaintiff to attend a series of meetings involving multiple management officials that were conducted in a coercive, accusatory, and humiliating manner, which Plaintiff reasonably understood as an effort to intimidate her and to manufacture a pretextual basis for adverse action. This conduct is part of the continuing course of hostile and retaliatory treatment alleged herein.

### *C. Denial of Reasonable Accommodation and Reassignment to a Lower Grade*

24. On or about January 29, 2024, Plaintiff requested reasonable accommodation, including two days of telework per week and relief from enumerated physical requirements that exceeded her medical restrictions, such as lifting over twenty pounds, prolonged standing and walking, climbing, kneeling, bending, twisting, reaching above the shoulder, exposure to temperature extremes, and working with chemical solvents.

25. The agency denied Plaintiff's January 29, 2024 accommodation requests, asserting that field work was an essential function of her position, and failed to engage in a good-faith interactive process to identify an effective accommodation that would enable Plaintiff to continue in her GS-11 position or an equivalent position.

26. Instead of providing an effective accommodation, the agency initiated a reassignment search as an "accommodation of last resort" that could have resulted in Plaintiff's placement in a lower-graded (GS-7) position, rather than reassignment to a vacant equivalent position. Reassignment to a vacant, equivalent position is a reasonable accommodation, and a demotion to a lower grade is disfavored and does not satisfy the agency's obligation to provide effective accommodation.

### *D. Constructive Discharge*

27. The cumulative effect of the agency's conduct — the denial of accommodation, the threat of removal, the false performance and attendance allegations, the denial of a within-grade increase and award, the assignment of duties inconsistent with her restrictions, the ongoing hostility, and the prospect of an involuntary downgrade — created working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

28. On or about May 24, 2024, Plaintiff gave notice of her decision to retire, expressly attributing that decision to the agency's continual acts of discrimination, retaliation, and harassment, and her retirement became effective May 31, 2024. Plaintiff's retirement was not voluntary; it was a constructive discharge.

29. As a direct and proximate result of the agency's conduct, Plaintiff suffered lost wages, lost within-grade step increases and performance awards, lost benefits, diminished retirement income, and severe emotional distress, including symptoms of post-traumatic stress, anxiety, and depression, together with the aggravation of her existing medical conditions.

## COUNT I

### *Disability Discrimination and Failure to Accommodate — Rehabilitation Act of 1973 (29 U.S.C. §§ 791, 794; ADA standards, 42 U.S.C. §§ 12112(a), 12203)*

30. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs 1 through 29 as though fully set forth herein.

31. At all relevant times Plaintiff was an individual with a disability, and a qualified individual with a disability, within the meaning of Section 501 of the Act and the

standards of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, that it incorporates; she could perform the essential functions of her position, or a vacant equivalent position, with reasonable accommodation. The Agency knew of Plaintiff's disabilities, and her need for accommodation.

32. Section 501 of the Act, 29 U.S.C. § 791, requires federal agencies to provide reasonable accommodation to qualified individuals with disabilities and applies the substantive standards of Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, including its prohibitions on disability discrimination and retaliation. 29 U.S.C. §§ 791(f), 794(d); 42 U.S.C. §§ 12112(a), 12203; 29 C.F.R. Part 1630. Reasonable accommodation includes reassignment to a vacant position. 42 U.S.C. § 12111(9)(B); *US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002).

33. The agency violated the Act by denying Plaintiff effective reasonable accommodation, by failing to engage in a good-faith interactive process, by offering only a reassignment that threatened a reduction in grade, and by otherwise subjecting Plaintiff to disparate treatment because of her disability. As a direct and proximate result, Plaintiff suffered the injuries alleged herein.

## COUNT II

***Sex Discrimination — Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-16, 2000e-2)***

34. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs 1 through 33 as though fully set forth herein.

35. Section 717(a) of Title VII requires that all personnel actions affecting federal employees be made free from discrimination based on sex. 42 U.S.C. § 2000e-16(a). Plaintiff is a

woman and a member of a protected class under Title VII. Plaintiff's sex-discrimination claim is one of gender-based discrimination and disparate treatment and does not arise from conduct of a sexual nature. The agency subjected Plaintiff to adverse employment actions — including the denial of accommodation, false performance and attendance allegations, denial of a within-grade increase and award, the threat of removal, the initiation of an involuntary downgrade, and constructive discharge — because of her sex.

36. Similarly situated employees outside Plaintiff's protected class were treated more favorably under comparable circumstances. The agency's stated reasons for its actions are pretextual. As a direct and proximate result, Plaintiff suffered the injuries alleged herein.

## COUNT III

***Age Discrimination — Age Discrimination in Employment Act (29 U.S.C. § 633a)***

37. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff was over the age of forty at all relevant times. Section 633a(a) requires that federal personnel actions be "made free from any discrimination based on age." Age was a factor in the personnel actions taken against Plaintiff. *See Babb v. Wilkie*, 589 U.S. 399 (2020).

39. The agency discriminated against Plaintiff because of her age in connection with the actions alleged herein, entitling Plaintiff to relief under the ADEA, including make-whole equitable relief and back pay. As a direct and proximate result, Plaintiff suffered the injuries alleged herein.

**COUNT IV**

***Retaliation — Title VII, ADEA, and Rehabilitation Act (42 U.S.C. §§ 2000e-16, 2000e-3(a); 29 U.S.C. §§ 633a, 794a)***

40. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs 1 through 39 as though fully set forth herein.

41. The anti-retaliation guarantees applicable to federal employees prohibit reprisal for protected EEO activity under Title VII (42 U.S.C. §§ 2000e-16(a), 2000e-3(a)), the ADEA (29 U.S.C. § 633a; *see Gomez-Perez v. Potter*, 553 U.S. 474 (2008)), and the Rehabilitation Act (29 U.S.C. § 794a). Plaintiff engaged in protected activity, including filing prior EEO complaints between 2017 and 2024, initiating EEO counselor contact on January 31, 2024, and requesting reasonable accommodation. The responsible management officials were aware of that activity.

42. The agency subjected Plaintiff to materially adverse actions that would dissuade a reasonable employee from engaging in protected activity, and a causal connection exists between Plaintiff's protected activity and those actions, as shown by the officials' knowledge and the close temporal proximity between the activity and the adverse actions. *See Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006). As a direct and proximate result, Plaintiff suffered the injuries alleged herein.

**COUNT V**

***Hostile Work Environment / Harassment — Title VII, ADEA, and Rehabilitation Act***

43. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff was subjected to unwelcome conduct because of her sex, age, disability, and prior protected activity that was sufficiently severe or pervasive to alter the terms and conditions of her employment and to create an objectively and subjectively hostile and abusive work environment. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993).

45. The hostile work environment consisted of a continuing course of related conduct, at least one act of which occurred within the applicable limitations period, and is properly considered in its entirety. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). There is a basis for imputing liability to the agency. As a direct and proximate result, Plaintiff suffered the injuries alleged herein.

**COUNT VI**

***Constructive Discharge — Title VII, ADEA, and Rehabilitation Act***

46. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs 1 through 45 as though fully set forth herein.

47. The agency's discriminatory and retaliatory conduct rendered Plaintiff's working conditions so intolerable that a reasonable person in her position would have felt compelled to resign, and Plaintiff in fact resigned by retiring effective May 31, 2024. *See Green v. Brennan*, 578 U.S. 547 (2016); *Pennsylvania State Police v. Suders*, 542 U.S. 129 (2004).

48. Plaintiff's constructive discharge was the culmination of the unlawful discrimination, retaliation, and harassment alleged herein, and it caused Plaintiff to lose wages, benefits, and career advancement, and to suffer the additional injuries alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the following relief:

(a) Declare that Defendant's conduct violated Title VII, the ADEA, and the Rehabilitation Act;

(b) Order Plaintiff's reinstatement to a GS-13/14 position (or an equivalent position) with retroactive seniority and benefits, or, in the alternative, award front pay in lieu of reinstatement;

(c) Award back pay, together with lost within-grade step increases, performance awards, benefits, and lost retirement contributions and income, plus prejudgment interest;

(d) Award compensatory damages under Title VII and the Rehabilitation Act, up to the statutory limit set by 42 U.S.C. § 1981a(b)(3)(D);

(e) Award make-whole equitable relief and back pay under the ADEA;

(f) Order such affirmative and injunctive relief as is necessary to make Plaintiff whole and to remedy the unlawful practices;

(g) Award Plaintiff her reasonable attorney's fees, expert fees, and costs pursuant to 42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 794a(b);

(h) Award pre- and post-judgment interest as allowed by law; and

(i) Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and 42 U.S.C. § 1981a(c), Plaintiff demands a trial by jury on all claims and issues so triable, including her Title VII and Rehabilitation Act claims.

Dated: August 10, 2026

Respectfully submitted,

Vionette T. James
Plaintiff, Pro Se
15434 Sugarcup Court
Orlando, Florida 32828
646-221-2208
vionettej3@gmail.com

**VERIFICATION**

I, Vionette T. James, declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that I am the Plaintiff in this action, that I have read the foregoing Complaint, and that the factual allegations stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on August 10, 2026.

Vionette T. Ja